LOIS G. COGGSHALL and others, Appellants, v. JAMES F. GREEN and others, Respondents.

*Appointment of administrator — removal of, for improvidence — what is improvidence — 3 R. S. (6th ed.), p. 78, § 35.*

APPEAL from an order of the surrogate of Cayuga county.

This is an appeal by some of the next of kin from the order of the surrogate of Cayuga county, appointing the respondents James F. Green and Calvin B. Green administrators of the estate of William Green. The appellants contest the appointment of the respondents, upon the ground that they are incompetent to administer by reason of improvidence; that James F. Green has wasted the estate by falsely claiming parts of it as belonging to himself, and that the petition for the appointment of the respondents, filed by James F. Green, greatly understates the amount of the personal estate of the intestate.

The court at General Term say: "There is no evidence to sustain the allegation of improvidence, in the legal sense in which that term is used in the statute, relating to the appointment of administrators. The statute is, that 'no letters of administration shall be granted to a person who has been convicted of an infamous crime, who is incapable of making a contract, who is not a citizen of the United States (unless he resides in the State), who is under twenty-one years of age,' nor to any person ' who shall be judged incompetent by the surrogate to execute the duties of such trust by reason of drunkenness, improvidence or want of understanding.' (3 R. S. [6th ed.], p. 78, § 35.) Moral guilt or delinquency is not a ground for excluding a person from receiving letters, unless he has been convicted of an infamous crime. (Dayton on Surrogates, 241.)

Improvidence such as to exclude a party from administration, is a want of ordinary care and forecast in the acquisition and preservation of property. (*Emerson* v. *Bowers*, 14 N. Y., 449.) And it has been held that vicious conduct, improper and dishonest acquisition of property, and even loose habits of business, did not constitute 'improvidence' within the meaning of the statute, nor the fact that the petitioner was indebted to the estate. (See *Coope* v. *Lowerre*, 1 Barb. Ch., 45; *McMahon* v. *Harrison*, 10 Barb., 659; *Emerson* v. *Bowers*, 14 N. Y., 449.) And in *Coope* v. *Lowerre* the chancellor says that the fact that a man seeks to obtain the property of others by theft or fraud is not evidence of improvidence."

*Mortimer V. Austin*, for the appellant. *S. E. Day*, for respondent James F. Green. *W. W. Hare*, for respondent Calvin B. Green. *Edwin Baldwin*, for respondents Wm. H. Weeks and others. *D. L. Hurlbut*, guardian *ad litem* and attorney for respondents Edwin Weeks and others.

Opinion by TALCOTT, J.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Order of surrogate of Cayuga county affirmed, with costs to be paid out of fund.